William J. Jones *v.* Theodore D. Harvey, Daniel Schleich, Jr., and Louis H. Woll, trading as Harvey, Schleich and Woll (Appellants), the New Jersey Trust and Safe Deposit Company, Frank S. High and Charles H. Feldstein, trading as Charles H. Feldstein & Co.

*Validity of bill of sale—Province of court and jury.*

The question of the validity of a bill of sale in the light of all the conflicting testimony, relative to the execution, consideration, delivery and purpose for which it was given is properly for the jury; and on appeal the province of the court is limited to the inquiry whether there was sufficient competent testimony to support the finding of the jury whose exclusive function it is to settle questions of fact.

*Charge of court—Excerpt from charge—Correct general charge.*

Where the excerpt from the charge assigned for error is a correct hypothetical statement of the law applicable to the issue and the entire charge affords no ground of complaint, no error is disclosed.

Submitted Oct. 25, 1898. Appeal, No. 153, Oct. T., 1898, by Harvey, Schleich and Woll, from judgment of C. P. No. 3, Phila. Co., June T., 1897, No. 291, on verdict for plaintiff. Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Feigned issue. Before McMICHAEL, J.

It appears from the record that this was a feigned issue under the Act of May 26, 1897, P. L. 95, wherein William J. Jones was the plaintiff, and the appellants and three execution creditors of the Consolidated Manufacturing Company were defendants, to try the ownership of the goods attached and levied upon as the property of the said company. It appears from the record and evidence that the Consolidated Manufacturing Company had been doing business in the way of manufacturing and selling brushes for a number of years past, its factories being at Norristown and Huntingdon, and its salesroom at 209 Market street, Philadelphia, at which place it had on hand a stock of goods, and its business of selling was there carried on. Its office as a foreign corporation in the state of Pennsylvania was there located, together with its officers. The goods in

question were claimed by the plaintiff William J. Jones, in a feigned issue, under a bill of sale of defendant in the execution dated March 23, 1897. This bill of sale was accompanied by an inventory as follows :

" The following is a correct schedule of all the personal property and effects intended to be transferred and conveyed to the said Wm. J. Jones in and by this bill of sale, the same being manufactured goods, to wit: brushes, etc., all in the custody and control of the Norristown Insane Asylum, at Norristown, Pa., and subject to the payment to be made to the state of Pennsylvania of about $400. The following is an itemized list:

" About 164 gross No. 18 all white brushes, finished.

" About 64 gross No. 18 regular made brushes, finished.

" About 80 gross No. 17 brushes, finished.

" About 85½ gross No. 5 brushes, finished.

" About 8 gross small hand brushes, finished.

" About 7½ gross No. 18 brushes, part finished.

" About 33 gross No. 17 brushes, part finished.

" Also all the personal property and effects intended to be transferred and conveyed to the said Wm. J. Jones in and by this bill of sale, the same being office furniture and fixtures of every description, and manufactured goods of every description, principally brushes, all contained in No. 209 Market street, Philadelphia."

On May 18, 1897, a writ of foreign attachment was issued by Harvey, Schleich and Woll, and a levy made of goods at 209 Market street. Several other judgments had been obtained prior to this time, and three executions were issued later. An appraisement of the goods levied upon showed their value to be $1,305.09, the amount claimed by the appellant under his foreign attachment, for which damages were assessed, was $532.27.

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff in the feigned issue. Harvey, Schleich and Woll, defendants, appealed.

*Errors assigned* were (1) in admitting in evidence the bill of sale of March 23, 1897. (2) In charging the jury as follows : " But if there was legal fraud, if there was what I have been describing to you, a want of liberty of possession, or failure to exercise that ownership or control over the goods, which was

necessary, your verdict may be against the claimant. If, however, it was a bona fide sale to him for a good consideration, with a delivery of possession which was such a delivery as the goods were capable of, accompanied by control and dominion over the goods, your verdict may be for the claimant, the plaintiff here." (3) In refusing to charge the jury as requested in defendant's eighth point, as follows: " 8. Under all the evidence in this case your verdict will be for the defendants."

*William A. Hayes,* for appellants.—The claimant offered in evidence in support of his claim of ownership the bill of sale dated March 23, 1897. This bill of sale upon its face appeared to be regular; it, however, contained no schedule of the goods at 209 Market street and which were the goods in question. Under the case of Clow v. Woods, 5 S. & R. 275, this was held to be a fatal defect.

It is, however, further submitted that the claimant in this case was required to do more than merely show the execution of the bill of sale. He should have shown the authority of the person executing the bill of sale to act in the name of the corporation. Where possession has been retained without any stipulation in the conveyance the courts have uniformly declared that to be, not only evidence of fraud, but fraud per se: Clow v. Woods, 5 S. & R. 275; Stephens v. Gifford, 137 Pa. 219; Milne, Brown & Co. v. Henry, 40 Pa. 352; Barr v. Reitz, 53 Pa. 256.

The want of possession is not only evidence of fraud, but fraud per se: Edwards v. Harben, 2 Term Rep. 587; Stephens v. Gifford, 137 Pa. 219.

There must be a bona fide substantial change of possession: Babb v. Clemson, 10 S. & R. 419.

A delivery in accordance with the usages of trade or business in which the sale was made has been held to be good: Eagle v. Eichelberger, 6 Watts, 29.

Where the vendor is left in the same apparent relation to the goods as before, the sale is void: Stephens v. Gifford, 137 Pa. 219.

And in this connection attention is called to the second assignment of error, and it is submitted that the error contained in the charge consists in the assumption that all that was neces-

sary to support a verdict for the claimant was (1) that there should be a bona fide sale for good consideration; (2) that there should be such delivery of possession as the goods were capable of, accompanied by control and dominion over the goods. Therefore if we are to follow and adhere to the principles as declared in our cases, it must be apparent that this case discloses a transaction undoubtedly fraudulent in law and that the judgment of the lower court should be reversed.

*J. Martin Rommel*, for appellee.—The appellee filed a motion to quash for the following reasons :

First, because no assignments of error have been filed of record. It is not sufficient that the assignments of error be printed in the appellant's paper-book, as the paper-book is no part of the record : Armstrong's Appeal, 68 Pa. 409.

Second, because the bill of exceptions left with the prothonotary of the Superior Court was never filed of record in the lower court, and was not brought up as part of the record upon the certiorari of your honorable court, and therefore constitutes no part of the record, the copy of testimony brought up with the record not being certified to in any way by the trial judge. The bill of sale simply covered office fixtures and manufactured goods, which the officers of the corporation were dealing in and selling daily.

The second and third assignments may be considered together. The appellee's testimony, which was believed by the jury, being that the bill of sale was an absolute conveyance, and that it was for a valid consideration, the only remaining question was as to whether or not there had been a delivery which was good as against creditors. The rule as laid down by the Supreme Court in the latest cases has considerably modified that given in the earlier cases and it is as follows : "Where a purchase is made in good faith and for a valuable consideration, followed by acts intended to transfer the possession, as well as the title, and the vendee assumes such control of the property as to reasonably indicate a change of ownership, delivery of possession as a matter of law cannot be declared insufficient. No such change of possession as will defeat the fair and honest purpose of the parties is required :" Garretson v. Hackenberg, 144 Pa. 107.

OPINION BY SMITH, J., January 18, 1899:

This controversy involved the title to personal property, and arose under a sheriff's interpleader. The question of ownership lay between the plaintiff in the issue and the defendant corporation, against which a writ of foreign attachment and three executions had been issued. The plaintiff's claim was resisted by attachment and execution creditors of the defendant, and by some of the latter's officers. Notwithstanding the extended discussion of the evidence and of the charge, the assignment of errors presents but three questions for our consideration: (1) The admissibility in evidence of the bill of sale; (2) an excerpt from the charge, and (3) the refusal to give binding instructions for the defendant. The plaintiff's demand rested on the bill of sale, its consideration, and bona fide execution, and on the good faith and the sufficiency of the transfer of possession. Testimony was submitted, direct and inferential, in support of his claim. This was met by testimony in contradiction, on all material points touching these questions. The validity of the bill of sale was submitted to the jury to be determined by them in the light of all the testimony relative to its execution, consideration, delivery, and the purpose for which it was given. It was maintained on the part of the plaintiff that the sale was absolute and without qualification, for a full and valid consideration, and was accompanied by a delivery of possession of the property to him, and that he exercised dominion and exclusive control over it before any of the writs against the defendant came to the sheriff's hands. All this was denied on behalf of the defendant, in the interest of these contesting creditors, and the whole matter thus became a question for the jury, who resolved it in favor of the plaintiff. The question before this court is not which way the weight of the testimony inclined, or whether on the whole the jury should have found for the defendant in the issue. We are to inquire whether there was sufficient competent testimony to support the finding of the jury, although there was evidence in contradiction. It may well be that, sitting as a jury, we might find the preponderance of evidence to ·be against the plaintiff. But that matter was passed upon by the tribunal whose exclusive function it is to settle questions of fact.

It is argued here that as the bill of sale contained no specific enumeration of the property sold, it was therefore invalid, and Clow v. Woods, 5 S. & R. 275, is cited in support of this position. In that case, GIBSON, J., speaking on this point, said: "In a case of this kind, the slightest neglect in any circumstance the nature of the case may admit of as an equivalent for actual possession, is unpardonable. Where there is to be delivery at the time of the sale, a schedule or description may be unnecessary, for it could not afterwards be alleged that an interest passed in anything not then delivered; but where the goods are to remain with the vendor, and nothing in particular is specified as the subject of the grant, there is imminent danger of fraud." Clearly this doctrine does not apply to the case before us, in the light of the verdict. It relates to different circumstances, where delivery is to be made subsequently by virtue of the instrument. There is no dispute here as to the identity of the property, or of any part of it, and the difficulty suggested by Mr. Justice GIBSON does not arise. The verdict may be based on direct testimony in support of the plaintiff's theory, or may be the reasonable and necessary inference from facts, pointing to this theory and the conclusion reached by the jury. In either event the finding must be sustained. We are satisfied from an examination of the evidence that it was sufficient, if believed, to warrant the verdict.

The first specification of error might well be dismissed, because it does not appear that either objection or exception was taken to the admission of the bill of sale. The excerpt from the charge in the second specification, when considered by itself, is a correct hypothetical statement of the law applicable to the issue raised by the evidence. The entire charge affords no ground of complaint. The case was for the jury. The authority to execute the bill of sale and its effect on the general creditors of the corporation under the laws of New Jersey are not regularly raised in the record before us. Furthermore those questions are collateral to this issue, and cannot be considered in this proceeding.

Judgment affirmed.